UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC QUINTON SMITH,

    Plaintiff,

v.

STEVEN SURMAN, ET AL,

    Defendants.
_____/

Civil No. 2:20-cv-10583
Hon. Denise Page Hood

## ORDER SUMMARILY DISMISSING CASE

Plaintiff Isaac Quinton Smith, a pretrial detainee incarcerated at the St. Clair County Jail, has filed a pro se complaint pursuant to 28 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the court summarily dismisses the case.

### I. Background

Plaintiff is facing charges in the St. Clair Circuit Court of unarmed robbery, obstruction of justice, operating a vehicle on a suspended license, unlawful use of a motor vehicle, concealing a stolen vehicle, and receiving and concealing stolen property. According to the state court website, Petitioner's trial date is set for July 7, 2020.

1

The present complaint concerns events occurring from the time of Plaintiff's arrest to events occurring at the jail. The complaint names numerous Defendants, including: St. Clair County Sheriff's Department Detective Steve Surman, St. Clair County Prosecutor Mona Armstrong, Plaintiff's criminal defense attorney Patrick Palatono, St. Clair County Jail Corrections Officer Veit, St. Clair County Jail Corrections Officer Bizzner, the St. Clair County Jail, and the St. Clair County Prosecutor's Office.

The complaint contains meandering allegations regarding the alleged misconduct of the Defendants during his arrest, pretrial detention, and prosecution. Plaintiff asserts that Det. Surman improperly seized evidence and otherwise improperly investigated the case. He asserts that he presented a compelling case of his innocence to prosecutor Armstrong, but she nevertheless persists with the prosecution. Plaintiff claims his defense counsel refuses to file some form of investigation regarding his allegations of police and prosecutorial wrongdoing. And he seems to assert that personnel at the jail have hampered his defense. Finally, Plaintiff asserts that the jail made him pay for medication for treatment of a sexually transmitted disease.

The complaint seeks return of personal property seized as part of his arrest, compensation for lost wages, damages for pain and suffering, and charges of misconduct and evidence tampering brought against the defendants.

## II. Standard

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. Discussion

Plaintiff alleges that the various illegal actions by the defendants are resulting in his unlawful prosecution. Aside from the fact that some of the defendants named in the complaint are immune from suit, *Welch v. Texas Dep't. Highways*, 483 U.S. 468, 472 (1987), or are not legal entities capable of being sued, *Haverstick Enters. v. Fin. Fed. Credit*, 32 F.3d 989, 992, n.1 (6th Cir. 1994), the Court will abstain from interfering in an ongoing state criminal prosecution.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). "*Younger* abstention requires the federal court to defer to the state proceeding." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). The Sixth Circuit has held that exercise of *Younger* abstention is appropriate "when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Coles*, 448 F.3d at 865.

If the three *Younger* criteria are satisfied, the court should abstain from interfering "unless there is a showing of bad faith, harassment, or another

4

extraordinary circumstance that makes abstention inappropriate." *Graves v. Mahoning Cty.*, 534 F. App'x. 399, 406 (6th Cir. 2013).

All three *Younger* factors require abstention in this case. With respect to the first factor, Plaintiff's state court criminal case is still pending, and he is scheduled to be tried in July of 2020, satisfying the first factor of the abstention doctrine. *Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013).

Concerning the second *Younger* factor, to determine the substantiality of the State's interest in the pending proceeding, "we do not look narrowly to its interest in the outcome of the particular case .... Rather, what we look to is the importance of the generic proceedings to the State." *New Orleans Pub. Serv., Inc.*, 491 U.S. at 365. It is well-established that Michigan has an interest in enforcing its criminal laws. See *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (explaining that "state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere."). Because Michigan has a substantial interest in enforcing its criminal laws, the Court finds that the second factor of the *Younger* abstention doctrine is met.

Finally, the Court considers the third factor of the *Younger* abstention analysis met because Plaintiff will have adequate opportunity to raise any claims challenging the Defendants alleged acts of impropriety in the investigation and prosecution of

5

his case. The third element of the abstention doctrine is thus satisfied. Finally, Plaintiff alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention.

The Court notes that to the extent Plaintiff makes claims unrelated to his prosecution—such as the jail charging him for his medication—the allegations are too vague and insubstantial to state a claim under § 1983. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

**SO ORDERED**.

                                                    s/Denise Page Hood
                                                    Denise Page Hood
                                                    United States District Court

Dated: July 30, 2020